**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BELLFORT ENTERPRISES, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. H-06-0257** |
| | § | |
| **PETROTEX FUELS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's motion to remand. This case was originally filed in Texas state court, and Defendant subsequently removed to this Court on the ground that Plaintiff's state law claims are preempted by the Petroleum Marketing Practices Act (PMPA), 15 U.S.C. §§ 2801 *et seq.* Plaintiff now argues that the PMPA does not govern this case, because the PMPA restricts only a franchisor's ability to terminate a franchise, whereas in this case it is the franchisee (Plaintiff) who seeks a determination that the franchise contract is unenforceable.

The PMPA defines a "franchise" as:

> [A]ny contract under which a retailer or distributor (as the case may be) is authorized or permitted to occupy leased marketing premises, which premises are to be employed in connection with the sale, consignment, or distribution of motor fuel under a trademark which is owned or controlled by such refiner or by a refiner which supplies motor fuel to the distributor which authorizes or permits such occupancy.

*Id.* § 2801(1)(B)(i). The Fifth Circuit has stated that a franchise "consists of three core components: a contract to use the refiner's trademark, a contract for the supply of motor fuel to be sold under the trademark, and a lease of the premises at which the motor fuel is sold." *April Mktg. & Distrib. Corp. v. Diamond Shamrock Ref. & Mktg. Co.*, 103 F.3d

28, 30 n.3 (5th Cir. 1997).[1]  This reading is consistent with the holdings of other circuit courts.  *See, e.g.*, *Barnes v. Gulf Oil Corp.*, 795 F.2d 358, 360 (4th Cir. 1986); *Brach v. Amoco Oil Co.*, 677 F.2d 1213, 1216 (7th Cir. 1982).

      In this case, Plaintiff has not alleged that the contract at issue provides for the lease of retail premises.  Indeed, the facts recited in Plaintiff's original petition demonstrate that the contract includes no such provision.  The contract allegedly requires Defendant only "to supply Bellfort with Phillips Petroleum trademark signs, credit card imprinters, and sell [to] Bellfort Phillips Petroleum branded motor fuel for resale to Bellfort's customers."  (Notice of Removal (Docket No. 1), Ex. C (Pl.'s Orig. Pet.), at 2.)  There is no mention of a lease.  Indeed, the gravamen of Plaintiff's Complaint is that Defendant made false representations during contract negotiations in order "to get Bellfort to *switch* to the Phillips Petroleum trademark and trade dress and purchase Phillips branded motor fuel."  (*Id.* (emphasis added).)  "Based on these representations, Bellfort agreed [that] it would *switch brands* and purchase motor fuel from Petrotex."  (*Id.* at 3 (emphasis added).)  It is obvious, in light of these statements, that Plaintiff was already established at its retail site when it contracted to retail Defendant's motor fuel.

      Because, therefore, Plaintiff's claims do not arise from a contract that constitutes a franchise under the PMPA, removal on the ground of PMPA preemption was improper.  Accordingly, Plaintiff's motion to remand, Docket No. 6, is hereby **GRANTED**, and Plaintiff's claims are hereby **REMANDED** to the District Court of Harris County, Texas, 334th Judicial District.

---

[1] Section 2801(1)(B)(ii) of the PMPA appears to include within the definition of the term "franchise" some contracts that do not include real property leases.  That section, however, applies only to contracts that have continuously existed since 1973.  Because the contract at issue here began in 2002, the lease requirement of § 2801(1)(B)(i) applies.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 22nd day of March, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE


**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**