UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BELLFORT ENTERPRISES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-06-0257 |
| | § | |
| PETROTEX FUELS, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's motion for reconsideration of the Court's Memorandum and Order dated March 22, 2006, which remanded Plaintiff's claims to state court for lack of subject matter jurisdiction in this Court. After considering the parties' filings and the applicable law, the Court finds that Defendant's motion, Docket No. 14, should be and hereby is **GRANTED** and that the Court's March 22 Order should be and hereby is **VACATED**.

As Defendant points out – and as Plaintiff does not dispute – the Petroleum Marketing Practices Act ("PMPA") provides several different, disjunctive definitions of the term "franchise." One of those definitions, that provided in 15 U.S.C. § 2801(B)(ii)(I), requires only a contract pertaining to the supply of motor fuel that is to be sold under a refiner's trademark. It does not, contrary to the Court's March 22 finding, require a real property lease between the franchisor and the franchisee. Moreover, the parties concur that their relationship constituted a franchise. Accordingly, the Court **VACATES** its March 22 Order, which held that the Court lacked subject matter jurisdiction because there was no PMPA franchise relationship between the parties.

1

Plaintiff argues, however, that the Court lacks subject matter jurisdiction for a different reason: namely, because neither Plaintiff's claim nor Defendant's counterclaim arises under the PMPA or requires the resolution of substantial issues of federal law. Defendant responds by noting that PMPA claims are subject to the "artful pleading" rule, which is intended to prevent plaintiffs with essentially federal claims from avoiding federal jurisdiction. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) ("The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim."). Defendant contends that Plaintiff's state law claims are actually PMPA claims in disguise and, therefore, preempted.

The PMPA regulates the termination and nonrenewal of franchises. *See* 15 U.S.C. §§ 2802, 2804. It also contains a preemption provision that precludes states from regulating those subjects. *Id.* § 2806. The circuit courts disagree regarding the standard applicable to PMPA preemption claims. The First, Second, Third, Sixth, Ninth, and Eleventh Circuits have adopted a narrow approach, limiting PMPA preemption to state laws that expressly target the grounds and procedures for termination and nonrenewal of franchises, and refusing to read it to preclude state laws that merely incidentally affect termination and nonrenewal. *See, e.g.*, *Esso Standard Oil Co. v. Dep't of Consumer & Regulatory Affairs*, 793 F.2d 431, 433-34 (1st Cir. 1986) *Bellmore v. Mobil Oil Corp.*, 783 F.2d 300, 305-06 (2d Cir. 1986); *O'Shea v. Amoco Oil Co.*, 886 F.2d 584, 592-93 (3d Cir. 1989); *Consumers Petroleum Co. v. Texaco, Inc.*, 804 F.2d 907, 915 (6th Cir. 1986); *Unocal Corp. v. Kaabipour*, 177 F.3d 755, 768 (9th Cir. 1999); *Shukla v. BP Exploration & Oil, Inc.*, 115 F.3d 849, 855 (11th Cir. 1997). The Fourth and Eighth Circuits have taken a broader view of PMPA preemption, holding that PMPA preempts all state causes

of action impacting, however incidentally, termination and nonrenewal. *See, e.g.*, *Jimenez v. BP Oil, Inc.*, 853 F.2d 268, 272-73 (4th Cir. 1988); *Continental Enters., Inc. v. Am. Oil Co.*, 880 F.2d 24, 27-28 (8th Cir. 1986).

The Fifth Circuit has, to date, declined to decide which of the two approaches is correct. Under either test, however, Plaintiff's claims are clearly preempted. Plaintiff complains that Defendant breached the franchise contract by overcharging Plaintiff for fuel, invoicing for fuel that was never delivered, and finally refusing to deliver any fuel at all. In Plaintiff's own words, Defendant's conduct was "tantamount to putting [Plaintiff] out of business, and it did," Defendant's "refusal to deliver motor fuel [went] to the heart of the . . . Contract," and that refusal "render[ed] the contract useless, . . . destroy[ed] the mutuality of the agreement. . . . [,] and [was] a purposeful, vengeful breach of contract." (Pl.'s Orig. Pet. at 5.) Obviously, Plaintiff's claims arise from the alleged termination of the contract, and, indeed, Plaintiff seeks, *inter alia*, rescission and a declaratory judgment that the contract is terminated.[1] (*Id.* at 7.) Accordingly, the Court finds that Plaintiff's claims are preempted by the PMPA and that removal was appropriate. Defendant's motion for reconsideration is therefore **GRANTED**, the Court's order of March 22, 2006 is **VACATED**, and this case is **REINSTATED** on the Court's docket.

---

[1] Plaintiff insists that it is not claiming that Defendant terminated the franchise but is, rather, seeking itself to terminate the contract. Even a cursory reading of Plaintiff's Complaint belies this assertion; Plaintiff's claims assert precisely the type of behavior by a franchisor from which the PMPA is intended to protect franchisees.

3

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 6th day of June, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**